UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>JEFFREY DEAN AND DEBORAH DEAN,<br><br>Debtors.<br>_____<br><br>JEFFREY AND DEBORAH DEAN,<br><br>Appellants,<br>v.<br><br>DENNIS LEE BURMAN, TRUSTEE AND TAE YON KIM,<br><br>Appellees. | No. C05-2149P<br><br>ORDER ON RESPONDENT KIM'S MOTION FOR RECONSIDERATION OF ORDER ON BANKRUPTCY APPEAL |

This matter comes before the Court on Tae Kim's motion for reconsideration of the Court's order on this bankruptcy appeal. (Dkt. No. 18). For the reasons stated below, the Court DENIES Mr. Kim's motion.

First, Mr. Kim's motion is untimely. As Appellants note, Local General Rule 2.03 of this Court provides that "[p]ractice in such bankruptcy appeals as may come before this district shall be governed by Part VIII of the Rules of Bankruptcy Procedure, except as provided in this order or in rules subsequently adopted by this district court." Part VIII of the Bankruptcy Rules does not

ORDER - 1

authorize motions for reconsideration, but instead provides for motions for rehearing, which are governed by Bankruptcy Rule 8015. This rule provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel.

In turn, Bankruptcy Rule 9006(a) provides that in computing any period of time under the Bankruptcy Rules, intermediate Saturdays and Sundays shall only be excluded when the period of time prescribed is less than eight days. As a result, a motion for a rehearing was due no later than August 4, 2006, the tenth day after judgment was entered on July 25, 2006. However, Mr. Kim did not file his motion until August 7, 2006.

Mr. Kim argues that any errors by his counsel in calculating the time for filing this motion should be regarded as excusable neglect. Mr. Kim relies on Bankruptcy Rule 9006(b)(1), which provides the Court with discretion to enlarge a period of time when the failure to act within the specified time period was the result of excusable neglect. However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). In addition, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered" to support a claim of excusable neglect. Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004). Here, Mr. Kim offers little basis to find that his counsel's failure to follow the applicable rule should be regarded as excusable neglect.

Even if Mr. Kim's motion were not untimely, the Court would decline to reconsider its ruling. Mr. Kim does not demonstrate manifest error in the Court's ruling, nor does he show new facts or legal authority that could not have been brought to the Court's attention earlier.

//

//

//

ORDER - 2

1   Therefore, Mr. Kim's motion for reconsideration is denied. The clerk is directed to send
2   copies of this order to all counsel of record.
3   Dated: September 29, 2006

    s/Marsha J. Pechman
    Marsha J. Pechman
    United States District Judge

ORDER - 3